UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VICKIE LYNN SILVA, ) | CASE NO.: 3:10CV53 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DAVID A. KATZ |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| MICHAEL J. ASTRUE, ) | **REPORT AND RECOMMENDATION** |
| Commissioner of Social Security, ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Defendant. ) | |
| ) | |

Vickie Lynn Silva ("Plaintiff") seeks judicial review of the final decision of Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), denying her application for Supplemental Security Income benefits ("SSI"). ECF Dkt. #1. For the following reasons, the undersigned recommends that the Court REVERSE the Commissioner's decision and remand the instant case for further proceedings:

## I.     PROCEDURAL HISTORY

On April 25, 2007, Plaintiff filed an application for SSI, alleging disability beginning April 20, 2007 due to fibromyalgia, back pain, carpal tunnel syndrome, tendonitis in both wrists, and a torn ligament in the left knee. ECF Dkt. #14-7 at 2-4; ECF Dkt. #14-8 at 6. The SSA denied Plaintiff's claim initially and on reconsideration. ECF Dkt. #14-3 at 2-3; ECF Dkt. #14-4 at 2-4, 9-11. Plaintiff filed a request for hearing before an administrative law judge ("ALJ") and on June 25, 2009, an ALJ conducted a hearing where he received testimony from Plaintiff, who was represented by counsel. ECF Dkt. #14-2 at 22-50; ECF Dkt. #14-4 at 16.

On September 1, 2009, the ALJ issued a unfavorable decision, finding that Plaintiff was not disabled. ECF Dkt. #14-2 at 13-21. Plaintiff requested review of the ALJ's decision by the Appeals Council, but the Appeals Council denied her request for review. ECF Dkt. #14-2 at 2-4, 7.

On January 11, 2010, Plaintiff filed the instant suit. ECF Dkt. #1. On June 24, 2010,

Plaintiff filed a brief on the merits.[1] ECF Dkt. #17. On September 13, 2010, Defendant filed a brief on the merits. ECF Dkt. #20.

## II. SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION

The ALJ determined that Plaintiff suffered from fibromyalgia, carpal tunnel syndrome, tendonitis, a torn ligament in the left knee, and back pain, which all qualified as severe impairments under 20 C.F.R. §416.920(c). Tr. at 15. The ALJ found that Plaintiff's other orthopedic complaints for bilateral shoulder outlet impingement, bilateral upper extremity neuropathy vs. radiculopathy, neck pain, arthritis, and occasional edema were not severe because they caused only sporadic symptoms and showed normal or minimal objective findings. *Id.* The ALJ further found that to the extent that Plaintiff had a mental impairment, it was not severe. *Id.* at 16. The ALJ next determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). *Id*.

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. § 416.967(a). ECF Dkt. #14-2 at 16. The ALJ discounted Plaintiff's allegations of pain and limitation from her impairments but found that she could not perform her past relevant work. *Id.* at 18, 20. The ALJ applied the Medical-Vocational Guidelines in 20 C.F.R. Part 404, Subpart P, Appendix 2 ("Guidelines") and found that Rule 201.24 of the Guidelines directed a finding that Plaintiff was not disabled based upon her RFC and her age, education and work experience. *Id*. at 20.

## III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

---

[1] The undersigned notes that Plaintiff has failed to comply with Local Rule 10.2, which requires "all documents filed with the Clerk shall have the name of the District Judge and/or Magistrate Judge to whom the case has been assigned typed or printed immediately under the Court's docket number." L.R. 10.2. Plaintiff's brief does not indicate the District Court Judge assigned to the case. Plaintiff is directed to comply with Local Rule 10.2 in the future.

    2.      An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

    3.      If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

    4.      If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

    5.      If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV.   STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is evidence that a reasonable mind would accept as adequate to support the challenged conclusion. *Id.*; *Walters,* 127 F.3d at 532. Substantiality is based upon the record taken as a whole. *Houston v. Sec'y of Health and Human*

*Servs.*, 736 F.2d 365 (6th Cir. 1984).

## V.     ANALYSIS

The undersigned addresses Plaintiff's second assertion of error first. Plaintiff contends that the ALJ failed to conduct a proper pain and credibility analysis pursuant to Social Security Ruling ("SSR") 96-7p. ECF Dkt. #17 at 12.[2] Plaintiff asserts that her fibromyalgia diagnosis "substantiates her allegations of chronic pain" and her consistent reports of her symptoms and pain establish her credibility. *Id.* at 14-15. Plaintiff cites no legal support besides SSR 96-7p for her assertions and fails to cite to any medical or non-medical evidence in the record to support her assertions. Plaintiff merely states that because her complaints were consistently reported in the record, the ALJ should have considered the consistency of those statements in determining her credibility. She does not refer the Court to any citations in the record regarding her complaints of pain and fails to cite to any portions of the ALJ's decision to highlight his alleged errors.

Nevertheless, the undersigned recommends that the Court reverse the ALJ's decision because the ALJ did not apply the proper standard in evaluating Plaintiff's fibromyalgia when assessing the medical source findings and opinions, Plaintiff's credibility, or her RFC.

The undersigned first calls the Court's attention to Defendant's statement in his brief that "the ALJ was quite generous in finding" Plaintiff's fibromyalgia to be a severe impairment at step two of the sequential analysis to determine her entitlement to social security benefits. ECF Dkt. #20 at 10, fn.3. Defendant asserts that the record contains only Plaintiff's self-reports of a fibromyalgia diagnosis and the record lacks any diagnosis or appropriate diagnostic criteria for fibromyalgia. *Id*.

However, the ALJ determined at step two of the sequential analysis that Plaintiff had the severe impairment of fibromyalgia. ECF Dkt. #14-2 at 15. He further found that this severe impairment, as well as Plaintiff's other severe impairments, "have been diagnosed by approved medical sources and confirmed by clinical findings and diagnostic studies." *Id.* He also found that

---

[2] Plaintiff has failed to comply with Local Rule 10.1, which requires that each page of a brief shall be numbered consecutively. L.R. 10.1. Plaintiff is again instructed to comply with the Local Rules in the future. For the purposes of this Report and Recommendation, the undersigned has indicated the page numbers as those from the ECF Docket Number page count.

these impairments resulted in significant limitations on Plaintiff's ability to lift, carry, sit and stand. *Id.* Since the ALJ found that Plaintiff's fibromyalgia was a severe impairment and that it was diagnosed by approved medical sources and confirmed by clinical findings and studies, the ALJ was required to follow the proper standard in evaluating this impairment.

The Court notes that fibromyalgia cases present challenging issues as to determining credibility, RFC and disability in the social security context. "A person with a condition of fibromyalgia certainly could have serious enough pain to have a disability under the Social Security Act, but the condition does not automatically qualify as a listing level impairment." *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 527, 2003 WL 22025023, at 11(6th Cir. 2003). In *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 242 (6th Cir. 2007), the Sixth Circuit looked to its decision *in Preston v. Secretary of Health and Human Services*, 854 F.2d 815 (6th Cir.1988) in reviewing Rogers' contention that the ALJ refused to recognize her fibromyalgia as a severe impairment which lead the ALJ to improperly evaluate her treating physicians' opinions and to improperly discount her testimony. *Rogers,* 486 F.3d at 242. The Court found that substantial evidence did not support the ALJ's treatment of the opinions of Rogers' treating physicians or the ALJ's discounting of Rogers' credibility regarding her pain and resulting limitations. The *Rogers'* Court indicated that on at least one occasion, the Sixth Circuit has recognized that fibromyalgia was a severe impairment "and that, unlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs." *Rogers*, 486 F.3d at 243-244, citing *Preston*, 854 F.2d at 820 (6th Cir.1988) (per curiam) (noting that objective tests are of little relevance in determining the existence or severity of fibromyalgia); and *Swain v. Comm'r of Soc. Sec.*, 297 F.Supp.2d 986, 990 (N.D.Ohio 2003) (observing that "[f]ibromyalgia is an 'elusive' and 'mysterious' disease" which causes "severe musculoskeletal pain").

The *Rogers* Court went on to describe the testing for fibromyalgia, noting that "fibromyalgia patients 'manifest normal muscle strength and neurological reactions and have a full range of motion.'" *Rogers*, 486 F.3d at 244, quoting *Preston,* 854 F.2d at 820. The Court found that the ALJ failed to discuss *Preston* and the fact that Rogers' treating physicians had used the appropriate tests for determining that she had fibromyalgia. *Rogers*, 486 F.3d at 244. The Court also indicated that

the ALJ failed to properly analyze the opinions of the plaintiff's long-time treating physicians, one of whom was a rheumatologist specializing in her conditions, despite evidence of confirmatory testing. *Id*. at 245. The *Rogers* Court further found that the ALJ instead relied upon the opinions of non-treating, non-examining agency physicians, one of whom was the medical expert who indicated that he had never treated a fibromyalgia patient. *Id.* The *Rogers* Court went on to state that "[m]ost importantly, it is clear that the opinions offered by Drs. Leeb and Rath were concerned solely with objective medical evidence," holding that "in light of the unique evidentiary difficulties associated with the diagnosis and treatment of fibromyalgia, opinions that focus solely upon objective evidence are not particularly relevant." *Id.*

Moreover, the Sixth Circuit found that the ALJ's determination of the plaintiff's subjective complaints of pain did not comply with the administrative regulations. *Rogers*, 486 F.3d at 248. The *Rogers* Court first noted that the ALJ had erroneously pointed to the lack of objective medical evidence, such as normal x-rays and normal reflexes to support Rogers' complaints of disabling pain. The Court held that "the nature of fibromyalgia itself renders such a brief analysis and over-emphasis upon objective findings inappropriate." *Id*. The Court found that by focusing on the objective medical evidence, the ALJ failed to discuss or consider the plaintiff's lengthy treatment history, her frequent course of medical treatment, the numerous medications prescribed, or the side effects from those medications. *Id*. The *Rogers* Court also found error with the ALJ's finding that Rogers was "fairly active" based upon her testimony as to her daily living activities which included driving, cleaning, caring for her dogs, doing laundry, stretching, and watching the news." *Id*. The Court concluded that "these somewhat minimal daily functions are not comparable to typical work activities" and the ALJ did not discuss the physical effects of performing these activities to which Rogers had testified or the help that she testified she received for some of those activities. *Id*. Finally, the *Rogers* Court noted that the ALJ did not consider the fact that Rogers' physicians had encouraged her to keep active and stretch in order to help alleviate her symptoms, or that these activities may aggravate her symptoms, or that despite the doctors' encouragement to remain active, they nevertheless opined that she was severely restricted in her functional abilities. *Id.*

In remanding the *Rogers* case, the Sixth Circuit noted that "since the ALJ's assessment of

Rogers' residual functional capacity is driven by this consideration of 'all of the relevant medical and other evidence,' 20 C.F.R. § 416.945(a)(3), his RFC finding and its use in concluding Rogers could return to her past relevant work are similarly flawed." 486 F.3d at 249-250.

On the basis of *Rogers*, the undersigned recommends that the Court remand the instant case because substantial evidence does not support the ALJ's RFC, his reliance upon the opinion of the state examining physician, or his discounting of Plaintiff's credibility as to Plaintiff's fibromyalgia impairment.  Here, as in *Rogers*, the ALJ determined Plaintiff's credibility in part based upon minimal daily functions and objective medical evidence.  The ALJ found that Plaintiff's daily living activities supported a finding that she could perform sedentary work because she could maintain her personal hygiene and take care for her two young children.  ECF Dkt. #14-2 at 19.  These activities are similar to those that the *Rogers* Court found "not comparable to typical work activities." *Rogers*, 486 F.3d at 248. Further, Plaintiff testified that she sometimes has trouble when she is showering to reach and scrub her arms and to bend over and wash her body.  ECF Dkt. #14-2 at 37.  While the ALJ also cited to Plaintiff's testimony that she takes care of her sick mother by sitting with her three to four hours per day six days per week, Plaintiff testified that she really just sits with her mom, talking to her, trying to feed her and getting her a drink if she requests one.  *Id.* at 31-32.

Moreover, the ALJ gave substantial weight to the findings of agency examining physician Dr. Al-Turk because Plaintiff's treating physicians did not assign specific limitations and because Dr. Al-Turk's opinion was "consistent with other substantial evidence of record, specifically, the lack of objective findings on examination and on the diagnostic studies which support a conclusion that" Plaintiff could perform sedentary work. ECF Dkt. #14-2 at 19.  However, "opinions that focus solely upon objective evidence are not particularly relevant" in fibromyalgia cases, and accordingly, the ALJ erred in attributing substantial weight to this opinion. *Rogers*, 486 F.3d at 245.  Further, Dr. Al-Turk's opinion itself was based solely upon objective medical findings.  Dr. Al-Turk had indicated that Plaintiff had a medical history which included a left knee injury, lumbargia, tubal ligation, gastric reflux disease, cholecystectomy and obesity.  ECF Dkt. #14-11 at 19.  She presented to Dr. Al-Turk complaining of low back pain.  *Id*.  Dr. Al-Turk concluded that "[b]ased upon the objective findings, she would have no difficulty in performing work-related activities without

-7-

restrictions." *Id*. Dr. Al-Turk's medical findings included normal ranges of motion in the hips, lumbar spine, cervical spine, shoulders and elbows, normal x-rays of the lumbar spine, a normal gait, normal upper and lower extremity reflexes, intact toe and heel walks, no tenderness or spasm in the cervical spine, and warmth, swelling and tenderness in the shoulders, elbows, hands, or knees. *Id*. at 16-19.

The ALJ also concluded that "the objective medical evidence of record" supported his RFC of sedentary work. ECF Dkt. #14-2 at 16. While reliance upon objective findings is proper for Plaintiff's other severe impairments in this case, reliance upon such findings for analyzing the impact of Plaintiff's fibromyalgia on her work-related abilities is improper. *Rogers*, 486 F.3d at 245.

Based upon *Rogers* and its progeny, the undersigned recommends that the Court find that the ALJ in this case erred in relying upon Plaintiff's minimal daily living activities and objective medical evidence in order to determine Plaintiff's RFC as to her fibromyalgia impairment. Accordingly, the undersigned recommends that the Court remand this case in order for the ALJ to reconsider, further develop and articulate the credibility analysis and RFC resulting from Plaintiff's fibromyalgia.

The undersigned further recommends that the Court decline to address Plaintiff's other asserted error regarding the lack of vocational expert testimony since the recommended remand of the instant case to the ALJ for reevaluation of Plaintiff's fibromyalgia could impact this issue.

## VI. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court REVERSE the ALJ's decision and REMAND the instant case to the ALJ for further proceedings consistent with this Report and Recommendation.

DATE: February 23, 2011  */s/George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).